**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**STEPHEN CLAIRMONT and
CLAIRMONT DESIGN LLC** **PLAINTIFFS**

**v.** **Civil No. 2:26cv9-HSO-BWR**

**STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY** **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION [19] TO STRIKE PLAINTIFFS' DESIGNATION [16] OF EXPERTS**

Defendant State Auto Property & Casualty Insurance Company seeks an order striking Plaintiffs Stephen Clairmont and Clairmont Design LLC's Designation [16] of Experts. *See* Mot. [19]; Mem. [20]. Plaintiffs oppose the Motion. *See* Resp. [29]. The Court finds that Defendant's Motion [19] should be granted in part and denied in part.

## I. BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiffs Stephen Clairmont and Clairmont Design LLC ("Clairmont" or "Plaintiffs") and Defendant State Auto Property & Casualty Insurance Company ("State Auto" or "Defendant"). The Complaint [1-3] alleges that a storm on January 3, 2023, caused significant wind and hail damage at two of Clairmont's separate business locations, for which they held a policy of insurance with State Auto. Compl. [1-3] at 6. That policy assertedly carried "building limits of $1,118,901 (Front Street) and $888,332

(West Oak Street), along with business personal property limits of $658,987, subject to a $2,500 deductible." *Id.* Clairmont claims that State Auto's representative inspected the properties on February 10, 2023, and "underreported and/or overlooked obviously covered damage," which led to a partial denial of their claim and a policy payment of only $2,564.25. *Id.* at 7-8. In response to State Auto's partial denial of their claim, Clairmont retained an independent engineer who, on August 5, 2023, estimated $914,762.51 in damages. *Id.* at 8-9.

According to Clairmont, a joint inspection between the parties' engineers took place on November 21, 2023, which caused State Auto to amend its findings with a new report on December 20, 2023 and issue additional payments to Clairmont, now totaling $634,089.11. *Id.* at 9. But Clairmont asserts that State Auto still owes $278,173.40 under the policy. *Id.* The Complaint [1-3] also seeks damages for business losses caused by State Auto's delay and failure to pay amounts owed under the policy. *Id.* at 11-13. In particular, Clairmont alleges they retained a forensic accountant who calculated $729,149.00 in business losses in 2024. *Id.* at 12. They bring claims for breach of contract, bad faith handling and refusal to pay an insurance claim, and punitive damages. *Id.* at 14, 15, 16.

Defendant's present Motion [19] requests that the Court strike Plaintiffs' June 3, 2026, Designation [16] of Experts, which lists the names and titles of their four experts (H. Kenneth Lefoldt, Jr., CPA/CFE; Chris C. Rutter, P.E.; Eric C. White; Nathan Burris), for failure to make adequate disclosures under Federal Rule of Civil Procedure 26(a)(2). *See* Mem. [20] at 5-6. Plaintiffs, in turn, argue that

their Designation [16] contained all required disclosures under Rule 26(a)(2), but if the Court finds it did not, they request an opportunity to cure any deficiencies. *See* Resp. [29] at 3, 6.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. If a party retains an expert in anticipation of litigation (a retained expert) and then designates that expert for testimony at trial, the party must provide a written report that includes: (1) a complete statement of the opinions the expert will express and their basis; (2) the facts or data considered by the expert; (3) any exhibits to be used to summarize or support the expert's testimony; (4) the expert's qualifications including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B). If, however, the party does not retain the expert in anticipation of litigation (a non-retained expert), the expert need only provide a disclosure stating "(i) the subject matter on which the [expert] is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the [expert] is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The Court's Local Uniform Civil Rules further state that if a party fails to make a required disclosure, "any other party must move to compel disclosure and

for appropriate sanctions under Fed. R. Civ. P. 37(a)." L. U. Civ. R. 26(a)(3). In addition, "[a]n attempt to designate an expert without providing full disclosure information . . . will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L. U. Civ. R. 26(a)(2)(B). In deciding whether to strike an untimely expert designation, the Court considers "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Foster v. State Farm Fire & Cas. Co.*, No. 2:22-CV-50-HSO-BWR, 2023 WL 2616939, at *1 (S.D. Miss. Mar. 23, 2023) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

B. Analysis

1. Plaintiffs' Expert Designations

The threshold factual dispute here is whether Clairmont's Designation [16] concerns *retained* experts subject to the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B), or *non-retained* experts subject to the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(C). *See* Resp. [29] at 2 (Plaintiffs stating that ("possibly" excluding Lefoldt) "these experts are not subject to the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure"); Reply [31] at 4 ("Plaintiffs now retreat from [the position that their experts are retained experts], stating in their Response that [their] four experts are not retained experts for purposes of this litigation.").

It appears clear to the Court that Clairmont's Designation [16] of Experts designated four *retained* experts subject to Rule 26(a)(2)(B)'s disclosure requirements. That is made most obvious by the fact that Clairmont themselves said as much when disclosing their experts to State Auto. Mot. [19-1] at 1 ("Pursuant to Federal Rule 26(a)(2)(b) [sic] this is a disclosure of expert witnesses *who have been retained to provide expert testimony in this case*." (emphasis added)). In light of that disclosure, it would be incongruous to permit Clairmont to now advance the argument that the experts are not subject to the disclosure requirements for retained experts.

But lest any doubt remain, Clairmont's experts also meet the standard to be considered "retained" under Rule 26(a)(2). That is, all four of Clairmont's experts were retained to provide expert testimony in the case, Fed. R. Civ. P. 26(a)(2)(B), or, at the very least, were retained "in anticipation of litigation" and thus are subject to Rule 26(a)(2)(B), *Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 WL 5185055, at *3 (S.D. Miss. Dec. 16, 2010) (explaining that a physician preparing opinions "in anticipation of litigation," analogous to the experts here, is "more like a retained expert and must comply with Rule 26(a)(2)(B)"); *see also McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP, 2019 WL 638371, at *2 n.1 (S.D. Miss. Feb. 14, 2019) (collecting cases on expert-physicians that prepare reports "in anticipation of litigation")). Here, all Clairmont's experts were retained or otherwise became involved with the facts of this case during the pendency of Clairmont's insurance dispute with State Auto. *See* Resp. [29-1] at 1-2. Experts

retained to contest an insurer's evaluation of property damage (Rutter, White, Burris) and calculate subsequent business losses (Lefoldt) plainly prepare their opinions in anticipation of litigation. Thus, all four of Clairmont's experts are subject to the disclosure requirements of Rule 26(a)(2)(B).

Clairmont claims to have supplemented their expert designation in their Response [29] to State Auto's Motion [19], but the additional information they have provided does not fully satisfy the requirements of Rule 26(a)(2)(B) for any of their experts. *See id.* The Court will assess the extent to which Clairmont has not fulfilled Rule 26(a)(2)(B)'s disclosure requirements as to each expert.

a. H. Kenneth Lefoldt, Jr.

Mr. Lefoldt was designated as an expert in the field of forensic accounting. State Auto challenges Clairmont's initial Designation [16] of Mr. Lefoldt on grounds that the disclosures are too confusing and unclear to constitute a complete statement of the opinions Mr. Lefoldt will express and their basis, the facts or data he considered, and the exhibits to be used to summarize or support Mr. Lefoldt's testimony under Rules 26(a)(2)(B)(i-iii). *See* Mem. [20] at 8; Mot. [19-2], [19-3]. State Auto further asserts that the Designation [16] did not provide a list of publications authored by Mr. Lefoldt in the previous 10 years under Rule 26(a)(2)(B)(iv). *See* Mem. [20] at 8; Mot. [19-3]. The Court agrees with State Auto that Clairmont's Designation [16] is deficient in these respects. Clairmont's Supplemental Designation [29-1], however, remedies almost all those deficiencies. *See* Supp. Designation [29-1] at 1.

Specifically, Clairmont's Supplemental Designation [29-1] removes any confusion concerning what opinions Mr. Lefoldt may express, the facts and data he will consider (both the September 18, 2024, and May 27, 2026, reports will be used), and the exhibits he will use to support his testimony (the September 18, 2024 exhibit). Resp. [29-1] at 1. The Supplemental Designation [29-1] does not, however, provide an affirmative statement on the list of all publications authored by Mr. Lefoldt in the previous 10 years, though Clairmont's Response [29] to the Motion [19] does. Resp. [29] at 3 ("Mr. Lefoldt has not authored any publications in the past 10 years.").[1] The Court notes as well that while Mr. Lefoldt's report states pursuant to Rule 26(a)(2)(B)(vi) that he charged $450/hour in preparing the May 27, 2026 report, Mot. [19-3] at 1, it is unclear whether that rate will also be charged for testimony in this case, Fed. R. Civ. P. 26(a)(2)(B)(vi).

Accordingly, Clairmont's designations as to Mr. Lefoldt, in light of both the Designation [16] and Supplemental Designation [29-1], remain deficient under Rule 26(a)(2)(B) in that they fail to provide (1) an *affirmative* statement that Mr. Lefoldt has no publications in the past 10 years; and (2) a statement of compensation for *testimony* in this case.

---

[1] Plaintiffs appear to take the view that the fact their experts (seemingly) have no publications to disclose means they need not provide an affirmative statement in their designations confirming that information as to each expert. *See* Resp. [29] at 4. The Court has found no controlling precedent on the validity of that argument, and disagrees with it. "[T]he spirit of the rules is violated when advocates" give "evasive responses." Notes of Advisory Committee on Rules, 1983 Amendment. In the Court's view, it is in the interest of "[m]utual knowledge of all the relevant facts," *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), for parties designating experts who have no publications to make an *affirmative* statement reporting as much. Otherwise, the disclosing party leaves the opposing party to guess whether that information was omitted intentionally or unintentionally.

b. Chris C. Rutter

Mr. Rutter is Clairmont's forensic engineering expert. The deficiencies of his disclosure are more clear-cut. State Auto argues that these include: (1) the failure to provide an affirmative list of publications authored in the previous 10 years, if any; (2) the failure to provide an affirmative statement regarding expert testimony given at trials or depositions in the last 4 years, if any (footnote 1's reasoning applies here as well); and (3) the failure to provide a precise statement of compensation. Upon review of Clairmont's Designation [16] and Supplemental Designation [29-1] with respect to Mr. Rutter, the Court agrees with State Auto that Clairmont's disclosures regarding Mr. Rutter are deficient in these areas.

c. Eric C. White

Mr. White was designated to offer expert opinions on the material and condition of Clairmont's roofs. The deficiencies in his designations are similar to Mr. Rutter's. Specifically, Clairmont's Designation [16] and Supplemental Designation [29-1] concerning Mr. White: (1) fail to include an affirmative statement of publications authored in the previous 10 years, if any; (2) fail to provide a statement regarding expert testimony given at trials or depositions in the last 4 years, if any; and (3) fail to disclose any statement of compensation. Additionally, the report that has "Eric White" printed on it, Mot. [19-6] at 1, does not have Mr. White's signature, in contravention of Rule 26(a)(2)(B), *see Nichols v. Allstate Texas Lloyd's*, No. CIV.A. H-04-2242, 2005 WL 2405922, at *1 (S.D. Tex.

Sept. 29, 2005) (a "report violates Fed. R. Civ. P. 26(a)(2)(B) [if] it lacks [a] signature."). As such, Mr. White's disclosures are insufficient.

State Auto further argues that Mr. White's expert report violates Rules 26(a)(2)(B)(i) and (ii), on grounds that the report is under-detailed or unclear. The Court disagrees. While the summary text of Mr. White's report is somewhat conclusory, *see* Mot. [19-6] at 2-3, in light of Clairmont's Supplemental Designation [29-1], it is clear from the totality of the report, including its attached photos, what opinions Mr. White will express, and the basis of the facts and data he will use in supporting those opinions.

d. Nathan Burris

Mr. Burris was designated to offer expert opinions on the condition of the roofing of Clairmont's property. The Designation [16] and Supplemental Designation [29-1] as to him: (1) fail to give a list of publications authored in the previous 10 years, if any; and (2) do not include a statement of compensation. Also, as with Mr. White, no portion of the report that occasionally has "Nathan Burris" printed on it contains his signature, in violation of Rule 26(a)(2)(B). On these grounds, Mr. Burris' disclosures are deficient.

State Auto also argues violations of Rules 26(a)(2)(B)(i), (ii), and (v) concerning Mr. Burris' disclosures, but on the totality of the disclosures, Mot. [19-9], [19-10]; Resp. [29-1], the Court finds what opinions Mr. Burris will express, the basis of the facts and data he will use, and what expert testimony he has given at trials or depositions in the last 4 years are adequately disclosed.

2. Plaintiffs' Request to Cure

The Court's Local Rules instruct parties to bring motions to compel, rather than motions to strike to challenge inadequate disclosure under Rule 26. L. U. Civ. R. 26(a)(3). The Court has discretion, however, to strike untimely expert designations, regardless of any motions. L. U. Civ. R. 26(a)(2)(B). Clairmont's expert designations were due June 3, 2026, the day they filed their initial Designation [16] of Experts. Order [9] at 4. Thus, their later Supplemental Designation [29-1] filed on July 17, 2026, was untimely. Any cure to their designations now would be untimely, too. Nevertheless, Clairmont asks the Court for leave to cure any deficiencies found in their designations. In determining whether to strike untimely expert designations (or grant time to cure), the Court considers the factors set forth in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004).

a. Explanation for Failure to Identify the Experts

Clairmont has not offered any justification for their deficient disclosures—apart from the argument that they are not deficient—which the Court has rejected. While in *Hamburger* this factor concerned failure to identify, precedent within the Fifth Circuit applies it to inadequate disclosures too. *See*, *e.g.*, *Calhoun v. Schindler Elevator Corp.*, No. CIV.A. H-10-3997, 2012 WL 5968394, at *2 (S.D. Tex. Nov. 28, 2012) (citing *Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012)). Clairmont's lack of any explanation whatsoever as to why their disclosures are deficient is relevant to the Court's analysis and weighs against Clairmont.

b. Importance of the Testimony

Clairmont states "with regard to the importance of their testimony . . . all four experts are critical to the Plaintiffs' case." Resp. [29] at 5. All four of Clairmont's experts were retained to dispute State Auto's initial property damage inspection and calculate Clairmont's total claimed losses. *See* Resp. [29-1] at 1-2. That testimony goes to the heart of Plaintiffs' case. So the loss of these experts would severely hamper Clairmont's ability to prove or explain their damages to a finder of fact. Though the importance of testimony "cannot singularly override the enforcement of local rules and scheduling orders," *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990), this Court may refuse to strike or exclude experts where the importance of testimony sought to be struck or excluded is significant, *see, e.g.*, *Wheat v. Michaels Org.*, LLC, No. 5:21-CV-88-DCB-BWR, 2022 WL 17072027, at *5 (S.D. Miss. Nov. 17, 2022); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 WL 3267543, at *3 (S.D. Miss. Aug. 9, 2012); *Hilderbrand v. Levi Strauss & Co.*, No. 3:09CV243-DPJ-FKB, 2011 WL 2946717, at *5 (S.D. Miss. July 21, 2011). In this case, this factor weighs in Clairmont's favor.

c. Potential Prejudice in Allowing the Testimony

The specific prejudice adduced by a party is what the Court must assess. Here, State Auto contends "[c]ontinued delays will prejudice Defendant by increasing expenses while further hindering Defendant's ability to comply with the CMO and prepare its defenses for trial." Mem. [20] at 10. While the Court agrees

Defendant should not be put to any *unfair* expense, expense is an assumed reality of litigation. And the Court itself manages deadlines and will ensure they are fair to all parties. This factor weighs slightly in State Auto's favor.

d. Availability of Continuance to Cure Prejudice

This factor concerns the availability of a continuance to cure the prejudice of permitting further untimely disclosures that could potentially affect the trial date. Here, the scheduled jury trial is still over six months away. Order [9] at 4. Thus, a continuance does not appear necessary at this point to remedy any prejudice. *See Hilderbrand*, 2011 WL 2946717, at *5 ("This factor typically applies to experts and opinions that are disclosed at or on the eve of trial. But here, [plaintiff produced the expert report] before the case was set for trial and approximately five months before the current trial date. There is obviously no need for a continuance."). There appears to be ample time for Defendant to review, assess, and prepare in response to further disclosures from Plaintiffs. This factor thus weighs for Clairmont.

Having reviewed the *Hamburger* factors, the Court finds that striking Clairmont's expert designations and barring the experts' testimony would be an "overly harsh remedy." *BC's Heating*, 2012 WL 3267543, at *4. Accordingly, given Clairmont's delays, and to prevent any time-pressure prejudice to State Auto, Clairmont will have fourteen (14) days from the date of this Order to cure every disclosure deficiency detailed in this Order and to fully comply with Federal Rule of Civil Procedure 26(a)(2)(B)'s requirements. Clairmont's failure to comply with this directive may result in the Court striking certain of Clairmont's experts.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant State Auto Property & Casualty Insurance Company's Motion [19] to Strike Plaintiffs Stephen Clairmont and Clairmont Design LLC's Designation [16] of Experts is **GRANTED IN PART AND DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs Stephen Clairmont and Clairmont Design LLC must file complete disclosures in compliance with the findings of this Order and Federal Rule of Civil Procedure 26(a)(2)(B) within fourteen (14) days of entry of this Order. Plaintiffs are **CAUTIONED** that no extensions of this deadline will be granted, and that failure to timely file compliant disclosures by the forgoing deadline may result in the Court striking their experts.

**SO ORDERED**, this the 22nd day of September, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE